JOHN E. COOPER, Respondent, v. THE ATCHISON, TOPEKA AND SANTA FE RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, February 17, 1890.

*Judgment modified, March 1, 1890.*

**Railroads: KILLING STOCK: INSTRUCTION AS TO HOOKS, LATCHES AND HANGING OF GATES.** It is not error to refuse an instruction that " the mere fact that the gate in question was not hung or provided with latches or hooks, and that plaintiff's animal escaped through such gate and was killed does not, of itself make, this defendant liable, when the same matter is made a distinct condition of recovery in other instructions.

*Appeal from the Jackson Circuit Court.*—Hon. R. H. Field, Judge.

Affirmed.

Statement of the case by the court.

"This was an action under section 809, Revised Statutes, 1879, to recover double damages for the value of a horse belonging to plaintiff, and alleged to have been killed by defendant's trains on August 17, 1888. The animal was found dead on the side of the track of the railroad running through plaintiff's farm, at a farm crossing. The gate at the crossing was found to be open. It was not provided with latches and hooks, but was a sliding gate, forming, when shut, substantially a panel of the fence, The evidence tended to show that the animal had been placed the night before the injury in a pasture, opening onto the railroad right of way through this gate, and that the gate had been shut by plaintiff on the evening of August 16. The evidence of plaintiff tended to show that this gate was on a side hill, with one end lower than the other, and that a jar would cause it to slide open; or, as witnesses testified for plaintiff, said gate would open by the mere shaking of the wind.

At the trial the court gave the following instructions, to which defendant objected :

"1. The court instructs the jury that it is the duty of every railroad corporation, running or operating any railroad in this state, to erect and maintain lawful fences on the sides of its roads where the same passes through or along or adjoining enclosed or cultivated fields or unenclosed lands, with openings and gates therein to be hung and having latches or hooks so that they may be easily opened and shut, at all necessary farm crossings of the road, for the use of the proprietors or owners of the land adjoining such railroad, and also to construct and maintain cattle-guards where fences

are required, sufficient to prevent horses, cattle, mules and all other animals from getting on the railroad, and if the jury believe from the evidence that the Atchison, Topeka and Santa Fe Railroad Company were running or operating a railroad that passed through, along and adjoining the enclosed fields belonging to the plaintiff in Jackson county, in the state of Missouri, on or about August 17, 1888, and that at the said date a horse, belonging to the plaintiff, strayed upon the tracks of said railroad at said place where said railroad passed through, along and adjoining the enclosed fields of the plaintiff and at a farm crossing, where the defendant had failed or neglected to erect or maintain a gate, hung and having a latch or hook thereon, and that said horse while so on said railroad was killed by the locomotive or cars of the defendant, the Atchison, Topeka and Santa Fe Railroad Company, and that said horse got upon said track and was so killed by reason of the failure and neglect of the said railroad company to erect and maintain a gate having a latch or hook as aforesaid, then you will find for the plaintiff and assess his damages at the value of said horse at the time it was killed.

"2. The court instructs the jury that although they may believe from the evidence that the gate in question was not hung or provided with latches or hooks, your verdict will be for the defendant, unless you further believe from the evidence that the killing of plaintiff's horse was occasioned by such failure to have the gate hung and provided with latches or hooks.

"3. If the jury believe from the evidence that the gate in question was left open by the plaintiff or any of his family, and that plaintiff's horse escaped upon the railroad track, by reason thereof, and was killed, then your verdict will be for the defendant."

The foregoing, together with a charge to the jury that the burden of proof rested on the plaintiff, comprises the law as given to the jury at the trial.

*Gardiner Lathrop*, for the appellant.

(1) The court erred in refusing defendant's instruction numbered 2. It properly declared the law. *Montgomery v. Railroad*, 90 Mo. 446; *Karle v. Railroad*, 55 Mo. 483; *Helman v. Railroad*, 62 Mo. 563; *Stoneman v. Railroad*, 58 Mo. 505. (2) The court erred in refusing to give defendant's instructions numbered 4, 5 and 6. They correctly state the law, and there was evidence to warrant them. *Harrington v. Railroad*, 71 Mo. 384; *Buckner v. Railroad*, 83 Mo. 660. (3) The court erred in refusing to sustain defendant's demurrer at the close of plaintiff's evidence, and in refusing to give defendant's instruction numbered 1. There was no competent evidence to show that defendant was operating trains on that road. *Railroad v. Cruzer*, 15 Amer. and Eng. R. R. Cas. 515; *Golson v. Ebert*, 52 Mo. 260.

*Gates & Wallace*, for the respondent.

(1) The defendant's refused instruction numbered 2 would have misled the jury, and was properly refused. (2) There was no evidence to sustain the defendant's refused instructions numbered 4, 5 and 6. The gate was at a private farm crossing. It was closed at night and found slid down the hill the next morning. There was no evidence that the gate could be fastened, as supposed in instructions 4 and 6. The gate had no fastenings. *Wilson v. Railroad*, 87 Mo. 431; *Morrison v. Railroad*, 27 Mo. App. 418; *Binniker v. Railroad*, 83 Mo. 660; *Park v. Railroad*, 20 Mo. App. 440; *Duncan v. Railroad*, 91 Mo. 67. (3) The question whether the defendant was operating the road not having been in controversy in the suit, and the plaintiff only being put upon his proof, if there is any evidence of the fact the verdict will not be reversed. Indeed, it has been held that a verdict will not be set aside in such a case, though there is no evidence of the fact, where the

defendant has introduced no evidence to the contrary. *Brown v. Railorad*, 14 Mo. App. 580.

GILL, J.—Upon a careful examination of the record in this cause, we discover no reason whatever for disturbing the judgment of the circuit court. Defendant's counsel, in his brief, makes some complaint as to instructions, yet the only point of substance is one fully met and provided for by the instructions given. He insists that the jury should have been told, in the words of an instruction asked, but refused, that "the mere fact that the gate in question was not hung or provided with latches or hooks, and that plaintiff's animal escaped through such gate and was killed, does not, of itself, make this defendant liable," for the reason, it is claimed, that the jury should have been instructed that this failure to provide the gate with latches or hooks must have occasioned the damage, etc. And so the court did instruct the jury in instructions, numbered here for convenience 1 and 2. It is made a distinct condition of recovery "that said horse got upon said track and was killed *by reason* of the failure and neglect of the said railroad company to erect and maintain a gate having a latch or hook," etc., as set out in the closing sentence of instruction number 1, *or* "that the killing of plaintiff's horse was *occasioned* by such failure to have the gate hung and provided with latches or hooks," as declared in number 3, quoted in the foregoing statement of the case.

Indeed, the court very clearly instructed the jury as to every feature of the case, whether relating to the cause of the plaintiff or for the defense. There was ample evidence, too, tending to show that this defendant was operating the road which runs through plaintiff's farm, and that its engine and cars killed the horse.

The judgment of the circuit court is affirmed. All concur.